## LYDIA VERY, Appellant from Decree of the Judge of Probate, *versus* ISAAC VERY, Executor.

Devise of " the remainder of my property, of whatsoever name or nature," accompanied with a schedule of the testator's property, which was all personal. *Held,* that the will did not purport a disposition of both real and personal estate, and therefore did not require the attestation of three witnesses.

IN a will written by the testator himself and signed by him, but not attested, was the following clause: — " The remainder of my property, of whatsoever name or nature, I give and bequeath," &c. On the back he had written, — " P. S. I appoint my father J. V. executor of the within. The situation of my property is as follows, viz." &c., enumerating promissory notes and cash on hand. He was possessed of no real estate, and of no other personal estate than that mentioned in the "postscript," except his household furniture and goods. If the Court were of opinion that the will purports a disposition of both his real and personal estate, the decree of the judge of probate was to be reversed; otherwise, affirmed.

*Nov. 4th.*
375

*B. Merrill,* for the appellant, referred to *St.* 1783, *c.* 24, § 9, and 1 Pick. 241, note.

*J. Pickering,* for the appellee.

*November sittings.*

*Per Curiam.* This will does not purport to dispose of real and personal estate, in the sense of the statute. The word *property* is equivocal, and *may* mean real as well as personal estate, but does not necessarily. We think the enumeration of property, all of which is personal, is to have an influence. It is the same thing as if the testator had said, " whatsoever property I have, viz. sundry notes, &c., I give, &c.[1]

*Decree affirmed.*

---

[1] The same formalities are now required to a will, whether it be for real or for personal estate. Revised Stat. *c.* 62, § 6.